Filed 1/20/21  Premier Mechanical Group, Inc. v. Harvey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PREMIER MECHANICAL GROUP, INC. et al., | D075663 |
| Plaintiffs, Cross-defendants and Respondents; | (Super. Ct. No. 37-2015-00035129-CU-BT-NC) |
| v. | |
| MONICA HARVEY, | |
| Defendant, Cross-complainant and Respondent. | |
| ANITA GRACE EDWARDS et al., | |
| Interveners and Appellants, | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Reversed and remanded with directions.

Law Offices of Anita Grace Edwards and Anita Grace Edwards for Interveners and Appellants Anita Grace Edwards and Leslie J. Hedges.

Law Firm of John Altomare and John Altomare for Plaintiffs, Cross-defendants and Respondents, Premier Mechanical Group, Inc. and Michael Johnson.

No appearance by Defendant, Cross-complainant and Respondent Monica Harvey.

Anita Grace Edwards and Leslie J. Hedges represented Monica Harvey in protracted litigation against Premier Mechanical Group, Inc. (PMG) and company principal Michael Johnson.  At the conclusion of the litigation, Edwards and Hedges sought attorney fees and costs, through Harvey.  The superior court denied the request for fees on the contract claims in PMG and Johnson's complaint and awarded a reduced amount of fees on Harvey's cross-complaint, along with costs.  Harvey initially contested the fees award, but subsequently filed substitutions of attorney, began to represent herself pro se, and attempted to enter into a global settlement with PMG and Johnson.  Around the same time, the court granted an unopposed motion to strike the previously awarded costs.

Shortly thereafter, Edwards and Hedges filed an ex parte application to intervene in order to protect their interest in the fees award.  The superior court treated the ex parte application as a noticed motion, allowed briefing, and ultimately granted the motion to intervene in part and modified the judgment to award the previously awarded attorney fees directly to Edwards and Hedges.  Edwards and Hedges appeal and assert the superior court erred in refusing to grant fees on the contract claims and by reducing the fees awarded on the cross-complaint.  PMG and Johnson ask us to dismiss the appeal on several grounds.

We decline to dismiss the appeal, agree with Edwards and Hedges that Harvey was the prevailing party on the contract claims and therefore should have been awarded attorney fees, and remand the matter to the superior court for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Johnson started PMG in June 2012 to provide contract engineering services to the government. Initially, he was the sole employee and worked out of his garage.

*Harvey's Employment at PMG*

Johnson first met Harvey when he applied for a business loan at the bank where she worked. Harvey began working for PMG as an executive administrator in early 2015. According to Harvey, she began working for PMG on a part time basis in January, while still maintaining her job at the bank, and then left that job and started full time with PMG in March. According to Johnson, Harvey agreed to join PMG in January and began working for PMG on March 16, the date she and PMG executed a general service agreement and a nondisclosure agreement. PMG was still a relatively new company and did not have a company computer for Harvey or any type of server or cloud storage. Instead, Johnson gave Harvey a jump drive to transfer all of the PMG documents she would need to her personal laptop.

At some point thereafter, Harvey asked to be paid for the work she did prior to March 16, and PMG refused. As a result, Harvey filed a claim with the California Department of Industrial Relations against PMG for unpaid wages in June 2015. She then filed a second claim in July, alleging that Johnson fired her in retaliation for the original unpaid wages claim.

The parties began negotiating a settlement and Harvey engaged attorney Edwards to represent her. However, the negotiations were not successful.

On September 30, 2015, counsel for PMG and Johnson sent Edwards a letter demanding that Harvey preserve all evidence, including all electronically stored information (ESI), pertinent to the matter. In response,

3

Edwards directed Harvey to download all PMG documents from the personal laptop that she used for her work at PMG to a jump drive and arranged for a forensic image to be taken of the jump drive.

*The Litigation*

PMG and Johnson filed a complaint against Harvey on October 19, 2015. They alleged 11 causes of action, including, among others, breach of contract, breach of fiduciary duty, commission of computer crimes, violations of the California Invasion of Privacy Act (Pen. Code, § 630 et seq.), and conversion. The breach of contract claim alleged Harvey took documents from PMG in violation of the general service contract and nondisclosure agreement she entered into, and the conversion claim alleged she wrongfully exercised dominion over PMG's data. Plaintiffs sought damages in an amount exceeding $2 million. The following March, Harvey filed a cross-complaint alleging intentional misrepresentation; various violations of the Labor Code; sexual harassment, discrimination, and battery; and wrongful termination.

The parties litigated the case for the next two and one-half years, with a significant emphasis on the jump drive and documents that Harvey allegedly took from PMG. Attorney Hedges joined Edwards as co-counsel in the fall of 2017 and Harvey returned the jump drive to PMG through the discovery process in January 2018.

In August 2018, a jury issued a special verdict on the complaint and cross-complaint. The jury found that Harvey breached the contract with PMG, but that PMG was not harmed by the breach. As a result, the jury did not award PMG any damages on the breach of contract claim. The jury found Harvey did unlawfully audio and video record Johnson and awarded $95,000

4

in damages to Johnson as a result. The jury found in favor of Harvey on the remaining claims in the complaint and awarded no damages to PMG.

On the cross-complaint, the jury found PMG had violated the Labor Code by failing to pay Harvey for work performed and awarded Harvey $1,940. The jury found against Harvey on all other cross-claims.

The superior court entered a judgment based on the verdict on October 30, 2018. The judgment did not award attorney fees or costs, but stated, "[t]he right to and amount of costs and attorney's fees, if any, shall be determined through post-trial proceedings and/or motions."

*Attorney Fees and Costs*

In November, Harvey filed a motion for a new trial and judgment notwithstanding the verdict (JNOV) and a separate motion for attorney fees and costs. Harvey asserted she was entitled to attorney fees as the prevailing party on the contract claims pursuant to Civil Code[1] section 1717. She relied, in part, upon a clause in the nondisclosure agreement she signed with PMG indicating the prevailing party in any litigation under the agreement was entitled to reasonable attorney fees. Harvey also asserted a claim for statutory attorney fees and costs pursuant to Labor Code sections 218.5 and 1194. In total, Harvey sought $1,027,591 in attorney fees and $57,039 in costs. Plaintiffs opposed the motion and also filed a separate motion to strike and/or tax costs.

The superior court issued an order on Harvey's motion for fees and costs on December 14, 2018. The court stated it was not persuaded that Harvey was the prevailing party on the contract claim and therefore declined to award fees on the complaint. The court granted Harvey's motion for

---

[1]    All further statutory references are to the Civil Code unless otherwise noted.

5

attorney fees on the cross-complaint but awarded a significantly reduced amount of $10,500. The court further awarded Harvey statutory costs in the amount of $45,397.07 and nonstatutory costs in the amount of $11,641.93, for a total cost award of $57,039. In a separate order issued on the same date, the court denied Harvey's motion for a new trial and JNOV. Plaintiffs filed a Notice of Entry of Judgment on December 19, 2018, but attached only the order denying the motions for a new trial and JNOV.

Plaintiffs filed an ex parte request to defer the ruling on costs until their previously filed motion to strike and/or tax costs could be heard. The superior court issued a modified ruling on December 20, 2018, to include only the nonstatutory costs and indicated it would hold a hearing on statutory costs on February 15, 2019. Plaintiffs filed a Notice of Entry of Judgment of the court's December 20 ruling on December 26, 2018.

On December 27, 2018, Harvey filed a notice of appeal from the judgment and the order awarding attorney fees and costs. In addition, on January 19, 2019, she filed a notice of motion to vacate the judgment entered on December 26, 2018, based on the superior court's December 20, 2018, order awarding attorney fees and costs. Therein, Harvey asserted the superior court had an erroneous legal basis for refusing to award attorney fees pursuant to section 1717 and for reducing the fees award on the Labor Code claims.

*Substitution of Attorney*

On January 15, 2019, Edwards filed a Notice of Attorney's Lien indicating her firm had a lien against Harvey to secure payment for legal services rendered pursuant to the fee agreements Harvey executed. Shortly thereafter, on January 30 and February 11, 2019, Harvey filed substitution of

6

attorney forms for both the complaint and cross-complaint. Harvey did not appoint another attorney and, instead, proceeded pro se.

Harvey, now self-represented, did not oppose PMG and Johnson's motion to strike costs. On February 19, 2019, the superior court granted the unopposed motion and ordered that she recover none of the previously claimed costs.

The next day, Edwards and Hedges filed an ex parte application to file a complaint in intervention in order to protect their rights to recover attorney fees and costs in the litigation. They asserted intervention was necessary and appropriate because they had a right to any attorney fees award pursuant to their agreement with Harvey, and that Harvey was no longer able or willing to act to ensure Edwards and Hedges were fully compensated.

On February 21, 2019, the superior court issued an order deeming the ex parte motion as moving papers and setting the matter for a noticed motion hearing on March 15, 2019. Johnson filed a notice of entry of judgment that same day.

A couple of weeks later, on March 6, Harvey, PMG and Johnson executed a settlement agreement. Therein, Harvey agreed to abandon her appeal and the parties agreed to file a stipulation for dismissal and to vacate the judgment and to release all claims against one another. Shortly thereafter, they filed the stipulation of dismissal with the superior court and Harvey filed the notice of abandonment of her appeal. On March 8, 2019, the superior court vacated the hearing on Harvey's previously filed motion to vacate the judgment.

Edwards and Hedges filed their own notice of appeal, as proposed intervenors, on March 21, 2019. The notice indicated they intended to appeal from the December 20, 2018 judgment, as well as several underlying rulings.

7

Following a hearing on March 26, 2019, the superior court granted Edwards and Hedges's motion to intervene for the limited purpose of permitting them to address their claims for attorney fees and costs against PMG and/or Johnson but denied the motion to the extent Edwards and Hedges sought relief from Harvey. The court noted, "it appears from recent events in the case, that the client may be interested in seeking to compromise or relinquish the attorneys' right to an award of attorney fees as part of a global resolution of the case." The court then vacated the portion of the December 20, 2018, order awarding attorney fees to Harvey and entered a new order awarding those fees directly to Edwards and Hedges.

Edwards and Hedges filed a notice of appeal from the March 26, 2019 order, as well as several underlying orders, on April 18, 2019. While the appeal was pending, PMG and Johnson filed a motion to dismiss and this court issued an order indicating the motion to dismiss would be considered concurrently with the appeal.

DISCUSSION

I. *Motion to Dismiss*

We turn first to Plaintiffs' motion to dismiss the appeal. Plaintiffs assert the appeal should be dismissed for the following three reasons: 1) the appeal is barred by a settlement agreement executed by Harvey, PMG, and Johnson on March 6, 2020; 2) the appeal is untimely; and 3) the appeal should have been filed with the appellate division of the superior court based on the amount awarded in the judgment.

A. *The Settlement Agreement Does Not Bar the Appeal*

The settlement agreement Plaintiffs rely upon was executed on March 6, 2019, after Harvey substituted in as her own counsel and while Edwards

8

and Hedges's motion to intervene was pending. The agreement does not include Edwards and Hedges. Harvey, PMG, and Johnson asked the superior court to vacate the judgment and the December 20, 2018 order awarding attorney fees and costs based on the agreement, but the superior court declined to enter the stipulated dismissal. Instead, the court granted Edwards and Hedges's motion to intervene, and modified the December 20, 2018 order to award the attorney fees previously awarded to Harvey directly to Edwards and Hedges.

Plaintiffs contend the purported settlement bars the present appeal, despite the fact that the superior court refused to enter the associated dismissal order, but they do not develop the argument and provide no legal authority to support their assertion. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*) ["An appellant must provide an argument and legal authority to support his contentions."]; *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971 (*Gradow*) [appellant has the burden to affirmatively establish error].)

To the contrary, as intervenors, Edwards and Hedges have an independent right to pursue their right to recover attorney fees and costs, and that right includes the right to pursue the present appeal. (See *Deutschmann v. Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 916 ["courts have upheld the right of an intervener to pursue his independent litigation, [even] after dismissal of the plaintiff's case"]; *Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1504, 1516 [concluding attorneys had a right to intervene to pursue an attorney fees award]; *Epstein v. Abrams* (1997) 57 Cal.App.4th 1159, 1169-1170 [settlement in which parties attempted to appropriate attorney's right to fees was not entitled to court

9

approval].)  We therefore decline to dismiss the appeal based on the settlement agreement.

B. *The Notice of Appeal Was Timely*

Plaintiffs next assert the appeal must be dismissed as untimely because Edwards and Hedges filed each of their notices of appeal more than 60 days after the December 19, 2018 Notice of Entry of Judgment regarding the superior court's December 14, 2018 order.  (See Cal. Rules of Court, rule 8.104, subd. (a)(1)(B).)  We reject this assertion as well.

First, the December 19, 2018 Notice of Entry of Judgment attaches the superior court's order denying Harvey's motion for a new trial or JNOV.  It does not attach the separate order of the same date awarding attorney fees and costs and there does not appear to be another Notice of Entry of Judgment in the record with respect to that order.  Accordingly, California Rules of Court, rule 8.104, subdivision (a)(1)(B) is not applicable, and the parties had 180 days, or until June 12, 2019, to file a notice of appeal from the December 14, 2018 order in which the superior court originally set the amount of attorney fees.

Regardless, though, the December 14, 2018 order is not the operative order with respect to the present appeal.  The December 14, 2018 order was, itself, appealable as a postjudgment order awarding attorney fees and costs (Code Civ. Proc., § 904.1, subd. (a)(2); *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015 (*Apex*) [postjudgment orders granting or denying attorney fees are directly appealable]), and, notably, Harvey did initially appeal from that order.  Thereafter, the superior court granted PMG and Johnson's ex parte request to defer the ruling on costs and issued a modified ruling awarding only nonstatutory costs and setting another hearing on statutory costs for the following February.  Around the same time, Harvey

10

filed a notice of motion to vacate the judgment entered on December 26, 2018, asserting the court erroneously decided issues related to both the attorney fees and cost award. Harvey then moved to represent herself and Edwards and Hedges filed their own request to intervene and to vacate the judgment.

Months later, on March 26, 2019, the superior court granted Edwards and Hedges' motion and entered a new order awarding the attorney fees directly to Edwards and Hedges. The March 26, 2019 order denied Edwards and Hedges' motion to intervene in part, and expressly vacated and replaced the previous order on fees. Accordingly, the order is, itself, an appealable order. (Code Civ. Proc.,§ 904.1, subd. (a)(2); *Apex, supra,* 222 Cal.App.4th at p. 1015; see also *Noya v. A.W. Coulter Trucking* (2006) 143 Cal.App.4th 838, 841 [order denying motion to intervene is appealable]; *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 505-506 (*Dakota Payphone*).) Edwards and Hedges appealed from that order less than 30 days later, on April 18, 2019, and that notice of appeal was timely as to the March 26, 2019 order.

Plaintiffs assert the superior court's ruling that Harvey was not the prevailing party on the contract claim and the amount of attorney fees awarded on the cross-complaint have not changed since the December 14, 2018 order and, therefore, the December 14, 2018 order is the "sole, relevant" order. Again, they do not develop the argument or provide any legal authority to support their assertion. (See *Benach, supra,* 149 Cal.App.4th at p. 852; *Gradow, supra,* 28 Cal.App.4th at p. 971.) In any event, for the reasons already stated, we conclude the March 26, 2019 order was independently appealable and Edwards and Hedges timely filed a notice of appeal from that order.

11

We address the appropriate scope of the present appeal in more detail *post*, but, therefore, decline to dismiss the appeal as untimely.

C.  *The Case is an Unlimited Civil Case*

Finally, plaintiffs contend the appeal is subject to the jurisdiction of a limited civil case because the order awards a total amount of less than $25,000 and, therefore, Edwards and Hedges should have filed their appeal in the San Diego Superior Court Appellate Division.  Plaintiffs rely on Code of Civil Procedure section 85.  Code of Civil Procedure section 85 indicates, an action "shall be treated as a limited civil case if," among other items, the "amount in controversy" does not exceed $25,000. (Code Civ. Proc., § 85, subd. (a).)  The statute goes on to explain the " 'amount in controversy' means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, *exclusive of attorneys' fees, interest, and costs*."  (*Id*. [emphasis added].)  Here, the amount in controversy far exceeded $25,000 and thus, the case was, and remains, an unlimited civil case.  (See *Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274.)  As such, Edwards and Hedges appropriately filed their appeal in this court and this court has jurisdiction over the appeal.  (*Id*. at p. 275.)

For the foregoing reasons, we deny plaintiffs' motion to dismiss the appeal.

II.  *Issues on Appeal*

Turning to the merits, Edwards and Hedges contend the superior court effectively denied their ex parte application to intervene by setting the matter for a noticed motion hearing and, following their first notice of appeal from that order, the superior court lacked jurisdiction to modify the previous judgment.  To the extent we disagree, which we do, Edwards and Hedges assert the March 26, 2019 order is appealable as a modified judgment and

12

that this court can therefore reach the merits of the attorney fees award on appeal from that order. Finally, to the extent we reach the merits of the attorney fees award, Edwards and Hedges contend the superior court erred by refusing to award attorney fees on the contract claims pursuant to section 1717 and abused its discretion in calculating the amount of fees awarded in connection with Harvey's claims pursuant to the Labor Code.

A. *The Superior Court Had Jurisdiction to Issue the March 26, 2019 Order*

Edwards and Hedges assert the superior court's February 21, 2019 order deeming their ex parte motion to intervene as moving papers and setting the issue for a noticed motion hearing was independently appealable because it was effectively a denial of the ex parte motion. They further contend their appeal from that order, filed on March 21, 2019, stayed the proceedings and divested the superior court of jurisdiction to grant intervention and modify the previous order on attorney fees and costs. We disagree.

The court addressed a similar issue in *Marken v. Santa Monica-Malibu Unified School District* (2012) 202 Cal.App.4th 1250 (*Marken*). There, third-party Chwe filed an ex parte motion to intervene shortly before a hearing on a preliminary injunction and the superior court denied the motion because Chwe did not file it in a timely manner that would have allowed for full briefing and opposition. (*Id.* at pp. 1258-1259.) Chwe appealed and, considering whether the appeal was proper, the court explained, " '[a]n order denying a motion to intervene is appealable when it finally and adversely determines the right of the moving party to proceed in the action.' " (*Id.* at p. 1277.) Since the superior court had not decided Chwe's motion on the merits and had simply refused to rule on an ex parte basis, the appellate

13

court concluded the order was not an appealable order and dismissed that portion of the appeal. (*Id*. at pp. 1277-1278.)

Similarly, here, the superior court's February 21, 2019 order did not finally decide the rights of Edwards and Hedges to proceed in the action, and instead simply deferred the motion to allow for full briefing and opposition. Accordingly, the March 21, 2019 notice of appeal was premature and did not stay the underlying litigation or divest the superior court of jurisdiction to rule on the motion following full briefing and argument. (See *Marken, supra,* 202 Cal.App.4th at p. 1277.) The cases cited by Edwards and Hedges address the appealability of orders finally determining a motion to intervene and, thus, support this same conclusion. (See *City and County of San Francisco v. State of California* (2005) 128 Cal.App.4th 1030, 1033; *Jun v. Myers* (2001) 88 Cal.App.4th 117, 119.)

As discussed *ante*, the March 26, 2019 order finally deciding the motion to intervene and vacating and modifying the previous attorney fees order, however, was an appealable order and Edwards and Hedges timely appealed from that order.[2]

B. *Harvey and Edwards Can Address the Amount of Attorney Fees Awarded*

Having concluded the superior court had jurisdiction to issue the March 26, 2019 order, and that Edwards and Hedges timely appealed from that order, we next consider the appropriate scope of the appeal. Edwards and Hedges contend we can address the merits of the attorney fees award,

---

[2] Edwards and Hedges separately contend the superior court erred by denying their ex parte application to intervene on February 21, 2019. As we have concluded the February 21, 2019 order was not a denial of the motion to intervene on the merits, we need not and expressly do not address that argument.

14

including the amount, via the present appeal. Plaintiffs, however, assert the amount of fees was determined in December 2018, is now final, and can no longer be challenged on appeal. In addition, Plaintiffs further contend Edwards and Hedges do not have standing to appeal the March 26, 2019 order because it provided them with all available relief insofar as it allowed them to intervene and awarded the entire amount of available attorney fees directly to them.

As discussed *ante*, in the March 26, 2019 order, the superior court expressly vacated the previous order awarding fees to Harvey and issued a new order awarding the fees directly to Edwards and Hedges. By doing so, the order substantially affects the rights of the parties, is a substantial modification of the previous orders, and is independently appealable. (See *Dakota Payphone*, *supra*, 192 Cal.App.4th at pp. 505-506; *Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, 1081 [order substantially reducing amount of attorney fees awarded was independently appealable as it substantially modified previous fee order.].)

Indeed, the March 26, 2019 order was the first order acknowledging Edwards and Hedges independent interest in the fees award. Prior to the March 26 order, Harvey had appealed from the December 14, 2018 order originally deciding the attorney fees issues, but then subsequently abandoned the appeal as part of the settlement she executed with PMG and Johnson in early March 2019. If we were to now conclude that Edwards and Hedges cannot reach the merits of the fees award in the present appeal, it would effectively, and unfairly, deprive them of having ever had the ability to challenge that portion of the judgment. (See *Dakota Payphone*, *supra*, 192 Cal.App.4th at pp. 506-509 [explaining it would be improper to allow an amendment nunc pro tunc that substantially changed the right of the parties

15

and unfairly deprived them of a right to contest the issue on appeal].) We decline to do so and, instead, conclude Edwards and Hedges may address the merits of the attorney fees award in this appeal.

Further, it appears a Notice of Entry was never filed for the December 14, 2018 order awarding attorney fees in the first instance. Accordingly, even if we were to conclude the December 14, 2018 order is the operative order with respect to the amount of fees awarded, Edwards and Hedges's timely appealed from that order as well.

C. *The Superior Court Erred by Refusing to Award Attorney Fees Pursuant to Section 1717*

Addressing the merits of the fees award, Edwards and Hedges first assert the superior court erred by concluding Harvey was not the prevailing party on the contract and refusing to award attorney fees pursuant to section 1717.[3]

Section 1717 was enacted "to establish mutuality of remedy . . . and to prevent the oppressive use of one-sided attorney fees provisions." (*PLCM*

---

[3] Edwards and Hedges acknowledge they are not entitled to fees pursuant to section 1717 as a matter of right, as they are with respect to the fees awarded on the Labor Code claims in the cross-complaint, and that they must file a separate lawsuit to establish the validity of and enforce the lien against Harvey with respect to any fees awarded pursuant to section 1717. (See *Henry M. Lee Law Corp. v. Superior Court* (2012) 204 Cal.App.4th 1375 [attorney is entitled to award of attorney fees pursuant to Labor Code sections 218.5 and 1194 absent a contract otherwise determining the disposition of an attorney fee award]; *Cal-Western Reconveyance Corp. v. Reed* (2007) 152 Cal.App.4th 1308 [attorney must file separate action on lien].) Regardless, Edwards and Hedges have a substantial interest in securing an attorney fees award pursuant to section 1717, which they can then pursue through the lien, and thus have standing to address the issue on appeal. (See *Bandy v. Mt. Diablo Unified Sch. Dist.* (1976) 56 Cal.App.3d 230, 234-235.)

16

*Group v. Drexler* (2000) 22 Cal.4th 1084, 1090-1991 (*PLCM*).) It states, in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).)

Section 1717, subdivision (b)(1) states, "[t]he court may also determine that there is no party prevailing on the contract for purposes of this section." Thus, the statutes gives the trial court discretion to determine whether there is a prevailing party in the first instance. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 (*Hsu*).) However, that discretion is not unlimited. (*Id.* at p. 876.) "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Ibid.*) The court does not have discretion to deny attorney fees when the results of the litigation on the contract claims are not mixed and, "when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." (*Ibid.*)

Here, the superior court was "not persuaded" that Harvey was the prevailing party because "PMG accomplished the goal of the breach of contract claim by recovering the documents [on the jump drive] and keeping Harvey from using them." We disagree. The record indicates the jump drive was at the center of an extended discovery dispute, which both sides

17

contributed to, but does not support the superior court's conclusion that recovering it was a primary objective of the litigation.

The complaint did not seek any declaratory relief regarding the return of the jump drive or Harvey's use of the documents on the jump drive. Instead, it alleged PMG had already suffered damages as a result of Harvey taking confidential documents, "including but not limited to substantial employee and computer related costs, and the loss of profits from [PMG] jobs wrongfully interfered with . . . ." At trial, PMG claimed damages related to the cost of recreating the documents. The jury found that Harvey did breach the contract, but explicitly found that PMG was not harmed by the breach, despite the fact that the documents were not returned to PMG for over two years and despite PMG's assertion at trial that it was damaged by having to recreate the missing documents. Damage resulting from the breach is an element of a cause of action for breach of contract and, thus, PMG failed to prove its breach of contract claim. (See *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

The jury also found against PMG and Johnson on all related claims, including the breach of fiduciary duty, breach of loyalty, and conversion claims. Ultimately, PMG did not prevail on any claims and Johnson prevailed only on claims asserting unlawful recording, which were unrelated to the contract claims. Accordingly, Harvey was the prevailing party on the contract as a matter of law. (See *Hsu, supra*, 9 Cal.4th at p. 876.)

Edwards and Hedges contend the superior court erred by granting PMG's unopposed motion to tax costs after Harvey substituted them out as counsel. As we have concluded Harvey was the prevailing party on the contract, Harvey is entitled to costs on those claims, at a minimum. (See *Fairchild v. Park* (2001) 90 Cal.App.4th 919.) In addition, as with the

18

attorney fees, we agree the timing of the superior court's ruling on the motion to tax costs compromised Edwards and Hedges's interest in the right to recover costs in light of Harvey's apparent unwillingness or inability to protect that right. Accordingly, the superior court must reconsider costs on remand, and should afford Edwards and Hedges the opportunity to be heard in that regard.

We therefore reverse and remand the matter to the superior court with instructions for the superior court to issue a new order finding Harvey was the prevailing party on the contract and determining the amount of reasonable attorney fees to award pursuant to section 1717.

D. *The Superior Court Did Not Abuse Its Discretion with Respect to the Amount of Attorney Fees Awarded Pursuant to the Labor Code*

Edwards and Hedges also contend the superior court abused its discretion in calculating the amount of fees to award pursuant to Labor Code sections 218.5 and 1194.

As with other types of attorney fees awards, trial courts have discretion to determine the amount of reasonable attorney fees to award pursuant to Labor Code sections 218.5 and 1194. (See *Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 233, 239 (*Cruz*); *PLCM, supra,* 22 Cal.4th at p. 1096.) Trial courts typically use a lodestar calculation to determine the appropriate amount of attorney fees, multiplying the time reasonably spent by the reasonable hourly compensation for each attorney. (*PLCM,* at pp. 1095-1096.) The court may then adjust the award by taking into account additional factors such as the nature and difficulty of the litigation, the amount in controversy in the case, the skill required and employed in handling the case, and the success or failure of counsel. (*Ibid.*) The trial court is in the best position to determine the value of services rendered

19

during the trial over which it presided and, accordingly, we will not disturb the court's decision regarding the appropriate amount of reasonable attorney fees absent a clear abuse of discretion. (*Cruz*, at pp. 233, 239; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148 (*Graciano*).)

Here, the superior court found the amount of time Edwards and Hedges claimed with respect to the Labor Code claims "reflect[ed] time spent unreasonably or time spent on duplicative services." The court awarded a total of $10,500 in fees on the Labor Code claims and indicated the award was based on 30 hours at a rate of $350 per hour. Thus, the court used a standard lodestar calculation, multiplying the time it determined to be reasonably spent on the claims by the reasonable hourly compensation for each attorney. (See *PLCM*, *supra*, 22 Cal.4th at pp. 1095-1096.) Having presided over the trial, the superior court was in the best position to make that determination, and we find no abuse of discretion in the court's analysis. (See *Cruz*, *supra*, 57 Cal.App.5th at pp. 233, 239; *Graciano*, *supra*, 144 Cal.App.4th at p. 148.)

Edwards and Hedges raise several arguments disputing the reasonableness of the superior court's award, but we are not persuaded that the superior court's determination was an abuse of discretion. They contend the superior court failed to calculate the lodestar amount and that the court should have focused solely on the fees incurred for the wage related claims. To the contrary, it appears that is exactly what the superior court did when it determined that 30 hours was the reasonable amount of time expended on the Labor Code claims.

They assert the superior court erred by failing to apportion the hours between them, but both attorneys requested the same hourly rate of $350 per hour and the court found the hours were duplicative. Thus, the court simply

awarded fees based on a reasonable number of hours multiplied by the common rate claimed by both attorneys. None of the cases cited by Edwards and Hedges support their assertion that doing so was reversible error. (See *Graciano*, *supra*, 144 Cal.App.4th at pp. 154-157 [court erred by imposing hourly rate below each of the various unrebutted rates requested by several attorneys]; *Gonzalez v. Santa Clara County Dept. of Social Services* (2017) 9 Cal.App.5th 162, 169-177 [court erred by outright denying attorney fees incurred by all three of plaintiff's prior attorneys].)

They assert the court's determination that 30 hours was a reasonable amount of time was illogical, but their argument is largely based on the scope of the entire litigation, which involved numerous other claims, most notably the highly contested breach of contract claim. They also assert the superior court erred by failing to apply a multiplier of two despite acknowledging the complexity of the case. Again, they fail to distinguish the Labor Code claims from the overall case, which included numerous different types of claims.

Finally, they assert the superior court improperly considered the amount awarded on the Labor Code claims when determining the amount of fees to award, but there is no evidence to support that assertion. Instead, it appears from the order itself that the court's determination was based on the reasonable number of hours expended on the relevant claims. As noted, the superior court presided over the trial, was familiar with the claims, and was thus in the best position to determine the reasonable number of hours. (See *Cruz*, *supra*, 57 Cal.App.5th at pp. 233, 239; *Graciano*, *supra*, 144 Cal.App.4th at p. 148.)

We therefore conclude the superior court did not abuse its discretion in determining the amount of attorney fees to award pursuant to the Labor Code claims in the cross-complaint.

21

E.  *Edwards and Hedges Are Entitled to Attorney Fees*

As a final matter, Edwards and Hedges assert they are entitled to attorney fees and costs associated with the present appeal.  "Statutory authorization for the recovery of attorney fees incurred at trial necessarily includes attorney fees incurred on appeal unless the statute specifically provides otherwise."  (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134.)  Accordingly, Edwards and Hedges are entitled to attorney fees related to the present appeal.

## DISPOSITION

The portion of the judgment awarding attorney fees to Edwards and Hedges is reversed and the matter is remanded to the superior court for further proceedings consistent with this opinion.  Edwards and Hedges are awarded costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.